GAITLEY v. ALBANY FOUNDRY CO.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

CORPORATIONS (§ 460*)—LIABILITY ON CONTRACTS—RECEIPT OF BENEFITS.

A corporation could not deny liability on a note given for borrowed money used for the purchase of claims against it, which were assigned by the claimants to the corporation's president personally, whether or not the note was executed by authority, since the president held such claims in trust for the corporation, and it therefore received the benefits of the loan.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1813; Dec. Dig. § 460.*]

Appeal from Trial Term, Albany County.

Action by John P. Gaitley against the Albany Foundry Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

William G. Van Loon, of Albany, for appellant.

Countryman, Nellis, Du Bois & McDermott, of Albany, for respondent.

SMITH, P. J. This action is brought to recover upon a promissory note for $3,000, executed April 5, 1911, payable on demand to the

plaintiff, and signed "Albany Foundry Company, A. P. Deeds, Treasurer." Countersigned: "John E. Gaitley." John E. Gaitley was the president of the corporation. Upon proof of the execution of this note, which recited that it was for value received, plaintiff rested. The defendant, for defense, showed that the note was given for moneys borrowed by the defendant; that the moneys went into the account of the defendant corporation, and were paid out by the treasurer, upon order of the president, for the purchase of claims against the defendant corporation; that upon the payment of those claims an assignment was executed to John E. Gaitley personally. Upon this evidence it was contended that it does not appear that the note was authorized by the corporation, and it does appear that it was used for the personal benefit of the president of the corporation, and not that of the corporation.

Waiving the question as to the proof of authority to execute it and the presumptions which apply, we are of the opinion that the corporation is shown to have received the benefits of the loan, and, therefore, is not in position to question its liability. If these claims were purchased from the funds of the corporation, the claims became the property of the corporation, and it does not matter whether the claims were assigned in form to the president personally, or whether the claims were released to the corporation. The president as matter of law holds all such claims thus assigned to him in trust for the corporation, and such trust would be declared, either at the instance of the corporation or at the instance of any other creditors of the corporation who might be interested in the question. For this reason we are of opinion that the court properly directed a verdict for the plaintiff, and that the judgment should therefore be affirmed, with costs.

Judgment affirmed, with costs. All concur.